## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN, | § | CASE NO. 20-11161-tmd |
| | § | |
| Debtor | § | CHAPTER 11 |

### APPLICATION OF THE DEBTOR UNDER 11 U.S.C. §§ 105(a) AND 363(b) FOR AN ORDER AUTHORIZING THE RETENTION OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISORS TO THE DEBTOR EFFECTIVE AS OF TO THE PETITION DATE

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the Court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Allan Reagan, debtor and debtor-in- possession (the "*Debtor*") files this application (this "*Application*") pursuant to section 105(a) and 363(b) of title 11 of the United States Code (the "*Bankruptcy Code*") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*") (i) authorizing the Debtor to retain HMP Advisory Holdings, LLC d/b/a Harney Partners ("*Harney*") as the Debtor's financial advisors upon the terms and conditions set forth in that certain engagement letter between the Debtor and Harney dated October 21, 2020 (the "*Engagement Letter*") attached hereto as **Exhibit 1** to the White Declaration (as defined below), effective as of the Petition Date (as defined below), and (ii) authorizing the Debtor to pay the fees and costs of Harney as set forth in the Engagement Letter.

In support of this Application, the Debtor relies upon and incorporates by reference the

*Declaration of Erik White in Support of the Application of the Debtor Under 11 U.S.C. §§105(a)*

and 363(b) for an Order Authorizing the Retention of HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Consultants to the Debtor (the "**White Declaration**"), a copy of which is attached hereto as **Exhibit B**.

## BACKGROUND

1.      On October 22, 2020 (the "***Petition Date***"), the Debtor commenced his case under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***"). The Debtor is managing his affairs and property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

2.      The Debtor has filed this case as a Subchapter V case.  The Debtor has multiple business interests, including ownership interest in the Flix Brewhouse movie chain, another entity which owns a Wyndham Garden hotel, and other entities with real estate interests.

3.      Due to the economic crisis resulting from the COVID-19 pandemic, Debtor's business interests are suffering, and the Debtor faces economic pressures from a loss of personal income and efforts by creditors to collect.  The Debtor intends to file a plan of reorganization as quickly as possible, and needs the assistance of Harney to, among other things, comply with financial reporting requirements and plan formulation.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor seeks entry of an order (i) authorizing the Debtor to retain Harney to serve as the Debtor's financial

advisors upon the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date, and (ii) authorizing the Debtor to pay the fees and costs of Harney as set forth in the Engagement Letter. The Debtor seeks to engage Harney to serve as his financial advisors to assist the Debtor with preparing information for schedules and other information for the United States Trustee, preparing financial reports to be filed in the case, assist the Debtor in preparing budgets, cash flow statements, and other financial documents, assist Debtor's counsel, as requested, with the preparation and prosecution of pleadings, including a Disclosure Statement and Plan of Reorganization, provide testimony as necessary, and to perform related operational matters as set forth in the Engagement Letter.

## QUALIFICATIONS

6. Harney is a leading provider of management and consulting services and has a strong reputation for maximizing value for stakeholders in a variety of industries. Harney has successfully advised other clients in various matters, both out of court and as a chapter 11 court-appointed professional. Harney is a multi-disciplined financial advisory firm with leading practices in the areas of bankruptcy and financial restructuring. Harney has extensive experience and knowledge in the fields of financial restructuring and turnaround services. Harney has assisted numerous troubled companies and creditors both in workout situations and in bankruptcy proceedings. Harney has also acted as Chief Restructuring Officer in bankruptcy, Chapter 11 Trustee, Chapter 11 Post-Confirmation Trustee, Chapter 7 Trustee, and Receiver appointed by the Bankruptcy Court.

7. The Debtor has determined that Harney is qualified to perform the services specified in the Engagement Letter and further described herein. The Debtor selected Harney to serve as his financial advisors because of its vast experience and its expertise in the restructuring context.

036180-94904/4812-9465-1548.1

8.     Harney has agreed to perform the services subject to the terms of the Engagement Letter, and its principals have agreed to be subject to the jurisdiction and supervision of the Bankruptcy Court in connection with these matters.

9.     The Debtor submits that the retention of Harney as the Debtor's financial advisors on the terms and conditions set forth herein is necessary and appropriate, in the best interests of the Debtor's estate, creditors, and all other parties in interest, and should be granted.

### SERVICES TO BE PROVIDED

10.     On October 21, 2020, the Debtor and Harney entered into the Engagement Letter, which governs the relationship between them. The terms and conditions of the Engagement Letter were negotiated between the Debtor and Harney pre-petition and reflect the parties' mutual agreement as to the matters that will be required in the proposed engagement.  Harney will provide the following services:

a)     Assist the Debtor and its counsel with general matters related to a restructuring, and possible chapter 11 proceeding;

b)     Assist the Debtor with preparation of financial information pertaining to the Debtor's assets, liabilities, cash flows, financial statements, and projections.

c)     Prepare information for Chapter 11 filings, including "first day motions," Schedules of Assets and Liabilities, Statements of Financial Affairs, and related supplemental information;

d)     Review financial information exchanged between Debtor and its creditors, any regulatory agencies, consultants, prospective investors or other third parties, as may be necessary or appropriate;

e)     Assist the Debtor with preparation of any bankruptcy required reporting, including Monthly Operating Reports (MOR), as required;

f)     Complete Initial Debtor Interview (IDI) questionnaire and related information, as required;

g)     Support for Plan of Reorganization development and other analysis, as needed; and

h)     Other services as may be agreed upon between the parties.

11.     The services to be provided by Harney will not be duplicative of those provided by any other advisors to the Debtor, and Harney will coordinate any services performed at the Debtor's request with the services of any other financial advisors and counsel, as appropriate, to avoid duplication of effort.

## TERMS OF COMPENSATION

### A.     Prepetition Payments to Harney

12.     As stated above, the Debtor has employed Harney since October 21, 2020 pursuant to the terms and conditions of the Engagement Letter.

13.     Prior to the filing of the Chapter 11 Cases, Harney received advances from the Debtor in the aggregate amount of $15,000 (the "*Retainer*"). Compensation

14.     The Debtor understands that Harney will charge for its services at the following rates, which may be adjusted from time to time after notice to the Debtor and the Court, in connection with the Chapter 11 Cases:

| | |
|---|---|
| President / EVP | $450 - $495 / hour |
| Managing Director | $400 - $450 / hour |
| Senior Manager / Director | $300 - $350 / hour |
| Manager | $250 - $300 / hour |
| Sr. Consultant | $175 - $250 / hour |
| Support Staff | $ 80 - $175 / hour |

For this matter, the Services are anticipated to be provided primarily by Erik White at a rate of $350.00 per hour. Additional resources may be added as needed.

15.     In addition, Harney will seek reimbursement for the reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

16.     The terms and conditions of the Engagement Letter were negotiated by the Debtor and Harney at arm's length and in good faith.

17.     Because Harney and its personnel are not being employed as professionals under section 327 of the Bankruptcy Code, they will not be required to submit fee applications pursuant to sections 330 and 331 thereof.  Instead, Harney shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred.

18.     The Debtor submits that the fee arrangements set forth in the Engagement Letter are reasonable for the following reasons: (a) there are numerous issues which Harney may be required to address in the performance of their services; (b) Harney is committed to the substantial time and effort necessary to address all such issues as they arise in an out-of-court context as well as in chapter 11; and (c) Harney's rates are comparable to its competitors in the market.

## HARNEY'S DISINTERESTEDNESS

19.     Harney conferred with its professionals and reviewed its business records, and, to the best of its knowledge and except to the extent disclosed in the White Declaration, Harney (a) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), (b) does not hold or represent an interest adverse to the Debtor's estate, and (c) has no connection to the Debtor, his creditors in relation to the Debtor or other parties in interest in the Chapter 11 Cases.

20.     Although the Debtor submits that the retention of Harney is not governed by section 327 of the Bankruptcy Code, the Debtor attached the White Declaration, which discloses, among other things, any relationship that Harney has with the Debtor, their significant creditors, or other significant parties in interest known to Harney.  The Debtor submits that Harney is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code. If any

new material facts or relationships are discovered or arise, Harney will provide the Court with a supplemental declaration disclosing same.

## BASIS FOR RELIEF REQUESTED

21.     The Debtor seeks to employ and retain Harney pursuant to section 363(b) of the Bankruptcy Code, as of the Petition Date.  Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b)(1).  Under applicable case law in this and other jurisdictions, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011).

22.     Retaining Harney pursuant to the Engagement Letter serves the sound business purpose of ensuring that the Debtor is able to provide the appropriate financial reporting to the Court and the creditors, prepare appropriate projections in connection with the Debtor's plan, and otherwise assist with financial matters necessary for this case.  After review of Harney's qualifications and experience, the Debtor is satisfied, in his business judgment, that Harney is well-qualified to provide the services needed to achieve these measures.

23.     The Debtor and Harney negotiated the terms and conditions of the Engagement Letter at arm's length and in good faith.  The Debtor submits that the retention of Harney is a sound exercise of his business judgment and satisfies section 363(b) of the Bankruptcy Code as Harney's services are necessary and essential to the Debtor's reorganization efforts.  The Debtor believes the economic terms of the proposed engagement are fair, reasonable, and beneficial to the Debtor's estates, and are consistent with and typical of arrangements entered into by Harney and other companies on comparable matters.

036180-94904/4812-9465-1548.1

24. Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). An order authorizing the debtor to retain Harney as financial advisors to assist the Debtor in connection with the matters outlined above is appropriate and necessary in order to ensure the Debtor's successful reorganization and emergence from the Chapter 11 Cases.

25. The Debtor further request approval of Harney's engagement *nunc pro tunc* to the Petition Date. Harney has started its work as described in paragraph 10 above. Accordingly, Harney's employment *nunc pro tunc* to the Petition Date should be approved.

## NOTICE

26. The Debtor has provided notice of the filing of the Application either by electronic mail, facsimile, or United States First Class mail to: (i) the Office of the United States Trustee; (ii) the Debtor's 20 largest unsecured creditors on a consolidated basis; (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013 (collectively, the "*Notice Parties*"). Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Allan Reagan

Allan Reagan, Debtor and Debtor-in-Possession

WALLER LANSDEN DORTCH & DAVIS, LLP

Mark Taylor (Bar No. 19713225)
William R. "Trip" Nix, III (Bar No. 24092902)
Evan J. Atkinson (Bar No. 24091844)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email:
     Mark.Taylor@wallerlaw.com
     Trip.Nix@wallerlaw.com

## CERTIFICATE OF SERVICE

The foregoing was served on all persons on the attached list via first class mail and parties receiving the Court's ECF notification on November 25, 2020.

/s/ Mark C. Taylor
Mark C. Taylor

# SERVICE LIST

**Debtor**
Allan L. Reagan
585 River Run
Leander, TX 78641

**Trustee**
Michael Colvard
Weston Center
112 East Pecan Street, Suite 1616
San Antonio, TX 78205

**Twenty-largest creditors:**
Madison/East Towne LLC
c/o CBL & Associates
2030 Hamilton Place Blvd.
Chattanooga, TN 37421-6000

Village @ La Orilla
Attn: Philip Lindborg
12809 Donette Court N.E.
Albuquerque, NM 87112

Martin S. Headley
1500 Knobb Hill Lane
Paoli, PA 19301

Comerica Bank
Attn: Lesley B. Higginbotham, VP
Special Assets Group - Texas Market
P.O. Box 650282
Dallas, TX 75265-0282

Ann E. Headley
1500 Knobb Hill Lane
Paoli, PA 19301

Wyndham Franchisor LLC
22 Sylvan Way
Parssipany, NJ 07054

Spain Family IX LLC
c/o Patrick J. Spain
11809 Oak Branch Dr.
Austin, TX 78737

Bennett Living Trust
Attn: Michael Bennett
2321 Abbot Kinney Blvd.
Venice, CA 90291

Gary J. Neumayer
2201 Berrywood Lane
Bloomington, IL 61704-2449

Headley Investments, LP
1500 Knobb Hill Lane
Paoli, PA 19301

Frances and Wayne Lee
468 Jade Tree Lane
Monterey Park, CA 91754

Capital One Spark Visa for Business
P.O. Box 30285
Salt Lake City, UT 84130-0285

Chase Ink Card for Business
P.O. Box 15298
Wilmington, DE 19850-5298

Ford Motor Credit Corp.
P.O. Box 105704
Atlanta, GA 30348

Comerica Bank
Dept. #166901
P.O. Box 55000
Detroit, MI 48255-1669

Citicard Advantage Mastercard
Cardmember Services
P.O. Box 6062
Sioux Falls, SD 57117

Discover Card
Billing Inquiries
P.O. Box 30943
Salt Lake City, UT 84130

Chase Visa Mileage Plus
P.O. Box 15298
Wilmington, DE 19850-5298

Comerica Bank
Attn: J.B. Stueckler, AVP
300 W. Sixth Street
Austin, TX 78701

**Unsecured Creditors/**
**Interested Parties**
3401Hoteliers, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

038540-04298/4839-4773-4992.1

83rd Street Development, LLC
Attn: Trent G. Moore
9000 Cameron Parkway
Oklahoma City, OK 73114

Action Propane
2601 S. Hwy. 183
Leander, TX 78641

ADT
P.O. Box 660418
Dallas, TX 75266

Al Clawson Disposal
P.O. Box 416
Jarrel, TX 76537

AT&T
P.O. Box 5001
Carol Stream, IL 60197

AT&T (DirectTV)
P.O. Box 5014
Carol Stream, IL 60197

Bank of Austin
Attn: David H. Marks, SVP
8611 N. Mopac Exp., Suite 101
Austin, TX 78759

DT Chandler, LLC
Attn: Bret Anderson, Manager
140 E. Rio Salado Parkway, Unit 305
Tempe, AZ 85281

FB Capital, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse AZ, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Holdco, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Indiana, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Iowa, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse NM, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse OK, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse SAT, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse III, LLC (Mansfield)
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Texas IV, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Texas V, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse TX II, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse TX IV, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Wi, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Entertainment, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Hospitality Investors, Inc.
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Internal Revenue Services
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Janet L. Reagan
585 River Run
Leander, TX 78641

Kathleen R. McCormick
6801 Greenwood Ave., Unit 210
Seattle, WA 98103

Lone Star National Bank
Attn: Sergio Gonzalez, 1st VP
2100 Boca Chica Blvd.
Brownsville, TX 78520

Merle Hay Investors LLC
c/o Abbell Credit Corporation
30 N. LaSalle St., Suite 2120
Chicago, IL 60602

Mikeska Monahan & Peckham, P.C.
100 Congress Ave., Suite 990
Austin, TX 78701

Pedernales Electric Company
P.O. Box 1
Johnson City, TX 78636

Poolwerx by Blue Bottom Pool Supply
3021 S. IH35, Suite 140
Round Rock, TX 78664

Prudential Mortgage Capital Company LLC
c/o Prudential
100 Mulberry St., Gateway Center 4
8th Floor
Newark, NJ 07102

ROP Artcraft LLC
Attn: Adam Frank
5678 N. mesa St.
El Paso, TX 79912

Round Rock Business Park, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

RPT Realty, L.P.
19 W. 44th Street, Suite 1002
New York, NY 10036

Securian/Minnesota Life Insurance Co.
c/o Trinity Real Estate Finance
100 NE Loop 410, Suite 972
San Antonio, TX 78216

Southwestern Retail Properties II, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Southwestern Retail Properties III, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Southwestern Retail Properties LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Spectrum
P.O. Box 60074
City of Industry, CA 91716-0074

UBS Real Estate Securities, Inc.
c/o Berkadia Commercial Mortgage LLC
6955 Union Park Center, Suite 450
Midvale, UT 84047

U.S. Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Village @ La Orilla
Attn: Philip Lindborg
12809 Donette Court N.E.
Albuquerque, N< 87112

Wells Fargo Auto
MAC T9017-026
P.O. Box 168-48
Irving, TX 75016-8048

Williamson County Tax Office
904 S. Main Street
Georgetown, TX 78626

**Parties Requesting Notice**
Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006

Shane P. Tobin
Henry G. Hobbs, Jr.
Acting United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

Kell C. Mercer
Kell C. Mercer, P.C.
1602 E. Cesar Chavez Street
Austin, TX 78702

Robert J. Diehl, Jr.
Jaimee L. Witten
Noel J. Ravenscroft
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226

Bruce J. Zabarauskas
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201

Michael Flume
Flume Law Firm, LLP
1020 N.E. Loop 410, Suite 530
San Antonio, TX 78209

David M. Blau
Clark Hill PLC
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009

Ross A. Plourde
McAfee & Taft
211 North Robinson, 8th Floor
Oklahoma City, OK 73102-7103

038540-04298/4839-4773-4992.1

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN, | § | CASE NO. 20-11161-tmd |
| | § | |
| Debtor | § | CHAPTER 11 |

### ORDER (I) AUTHORIZING THE DEBTOR TO RETAIN HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AS OF TO THE PETITION DATE

Upon consideration of the Application (the "*Application*")[1] filed by the above-captioned

Debtor and the Court having found that it has jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that

consideration of the Application and the relief requested therein is a core proceeding pursuant to

28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and having considered statements in support of the Application at the hearing held before this Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS THEREFORE ORDERED:

1.    The Application is approved as set forth herein.

2.    The terms of the Engagement Letter, including without limitation, the compensation provisions, all as modified by this Order, are reasonable terms and conditions of employment and are hereby approved, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

        a.  Harney shall file with the Court, and provide notice to the United States Trustee ("***U.S. Trustee***") and any committee appointed in the future, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned, and itemize the expenses incurred;

        b.  The Debtor is permitted to indemnify and hold harmless Harney, its affiliates and their respective shareholders, members, managers, employees, agents, representatives, and subcontractors ("***Indemnified Person***") according to the terms of the Engagement Letter. Notwithstanding the terms of the Engagement Letter, in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Engagement Letter if the Debtor, his estate or the statutory committee of unsecured creditors appointed in this Chapter 11 Case assert a claim against an Indemnified Person and the Court determines by final order that such claim arose out of the gross negligence or willful misconduct on the part of that or any other Indemnified Person;

        c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, any Indemnified Party believes that it is entitled to the payment of

any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Party for indemnification, contribution, or reimbursement and not as a provision limiting the duration of the Debtor's obligation to indemnify or make contributions or reimbursements to the Indemnified Party. All parties in interest shall maintain the right to object to any application by an Indemnified Party for indemnification, contribution and/or reimbursement;

d. In the event that any Indemnified Party seeks reimbursement from the Debtor for attorneys' fees and related expenses pursuant to the Application and Engagement Letter (as modified by this Order), the invoices and supporting time records (which may be redacted to maintain confidentiality or privilege) for the attorneys' fees and related expenses shall be annexed to the Indemnified Party's own application, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court, and the Debtor may not pay any such amounts absent entry of an order of the Court approving such payments;

e. For a period of three years after the conclusion of the engagement, neither Harney nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor;

f. Harney shall disclose any and all facts that may have a bearing on whether Harney, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3.    The Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Harney for fees and expenses incurred in connection with its retention.

4.    The Debtor's retention of Harney on the terms and conditions set forth in the Application and the Engagement Letter , as modified by this Order, is hereby approved *nunc pro tunc* to the Petition Date.

5.    To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6.    Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing.  Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order (as amended or extended, as the case may be) and the corresponding budget approved by the Court in effect as of the time such payment is to be made.

7.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Mark C. Taylor
SBN 19713225
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: mark.taylor@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*

# EXHIBIT B

## White Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN, | § | CASE NO. 20-11161-tmd |
| | § | |
| Debtor | § | CHAPTER 11 |

**DECLARATION OF ERIK WHITE IN SUPPORT OF THE APPLICATION OF THE DEBTOR UNDER 11 U.S.C. §§ 105(A) AND 363(B) FOR AN ORDER AUTHORIZING THE RETENTION OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR TO THE DEBTOR EFFECTIVE AS OF TO THE PETITION DATE**

I, Erik White ("*White*"), pursuant to section 1746 of title 28 of the United States code, hereby declare that the following is true to the best of my knowledge:

1.      I am a Director at HMP Advisory Holdings, LLC d/b/a Harney Partners ("*Harney*"), a corporate advisory firm with offices in Austin, Texas, Dallas, Texas, Houston, Texas, Chicago, Illinois, and Madison Wisconsin. I submit this declaration (this "*Declaration*") in the above-referenced bankruptcy case (the "*Chapter 11 Case*") of the above-captioned debtor and debtor-in-possession (the "*Debtor*") relative to the retention of Harney as Debtor's financial advisor upon the terms and conditions set forth in that certain engagement letter between the Debtor and Harney dated October 21, 2020 (the "*Engagement Letter*"), a copy of which is attached hereto as **Exhibit 1**. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Disinterestedness and Eligibility

2.      In connection with the preparation of this Declaration, Harney and White conducted an analysis to determine whether either holds or represents any known interests adverse to the Debtor or other significant parties in interest. All presently known connections are listed in **Exhibit**

**2** annexed hereto. As a result of this review, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, Harney:

    a) Is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services) or an equity security holder of any entity affiliated with the Debtor;

    b) Is not and has not been, within 2 years before the date of the filing of the petition, an employee of the Debtor or an officer and director of any affiliate; and

    c) Does not have any interest materially adverse to the interests of the Debtor's estate, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

3. As can be expected with respect to any professional services firm such as Harney, Harney may provide services to clients with interests in these Chapter 11 Cases. To the best of my knowledge, Harney's services for such clients, if any, do not relate to these Chapter 11 Cases.

4. Further, to the best of knowledge, no employee of Harney is a relative of any judge of the bankruptcy court for this district or the United States Trustee in this district.

5. If any new material relevant facts or relationships are discovered or arise, Harney will promptly file a supplemental declaration.

### Professional Compensation

6. In accordance with the Engagement Letter, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Local Rules, Harney will seek from the Debtor payment for compensation on an hourly basis, and reimbursement of actual and necessary expenses incurred by Harney.

7. To the best of my knowledge, (a) no commitments have been made or received by Harney with respect to compensation or payment in connection with this Chapter 11 Case other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules,

and (b) Harney has no agreement with any other entity to share with such entity any compensation received by Harney in connection with this Chapter 11 Case.

/s/ Erik White
Erik White
Director, HMP Advisory Holdings, LLC
d/b/a Harney Partners

# EXHIBIT 1

**Engagement Letter**

036180-94904/4812-9465-1548.1

## **EXHIBIT 2**

**Known Connections**

**Connections to Debtor's Counsel, Waller Lansden Dortch & Davis (Waller):**

Harney and its employees provide financial advisory and fiduciary services for companies in insolvent and financially distressed situations. As such, we often work with or opposed to law firms such as Waller. We have worked with Waller on these specific cases within the past 4 years:

- Harney is currently serving as financial advisors for the Debtors in *In re Tajay Restaurants, Inc., et al.*, Case No. 19-70067, United States Bankruptcy Court, Western District of Texas, Midland Division, in which Waller serves as Debtors' counsel. This matter has no relationship to the Debtor or this Bankruptcy Case.

- William Patterson, a principal of Harney Partners ("Patterson"), served as the Chapter 11 Trustee in *In re KHRL Group, LLC, et al.*, Case No. 19-50390, United States Bankruptcy Court, Western District of Texas, San Antonio Division, in which Waller represents the senior secured lender. This matter has no relationship to the Debtor or this Bankruptcy Case.

- Harney served as financial advisors for the Debtors in FFBC Operations, LLC et al., Case No. 19-10869, United States Bankruptcy Court, Western District of Texas, Austin Division, in which Waller serves as Debtors' counsel. This matter has no relationship to the Debtor or this Bankruptcy Case, and is now closed.

**Connections to Counsel for Debtor's Spouse, Kell C. Mercer P.C. (Mercer):**

Kell Mercer is counsel of record for the Debtor's spouse, Janet Reagan. We have worked on these specific cases within the last 4 years:

- In 2016, White served as Chief Restructuring Officer to a Chapter 11 debtor (In Re: Catarina Construction, LLC, Case No. 16-11209-HCM) and Mercer represented the debtor. This matter has no relationship to the Debtor or this Bankruptcy Case, and is now closed.

- In 2016, Patterson served as financial advisor to a secured creditor in an out-of-court matter while Mercer served as legal counsel to the secured creditor. This matter has no relationship to the Debtor or this Bankruptcy Case, and is now closed.

- Starting in 2016, Mercer represented a company for which Gregory Milligan, a principal of Harney ("Milligan"), served as Chief Restructuring Officer in an out-of-court matter. This matter has no relationship to the Debtor or this Bankruptcy Case, and is now closed.

- Starting in 2017, Milligan was appointed as Chief Restructuring Officer (In Re: Galveston Bay Properties, LLC, Case No. 17-51905-CAG) where Mercer served as debtor's counsel.

This matter has no relationship to the Debtor or this Bankruptcy Case, and is now closed..

- Starting in 2017, White served as financial advisor to the Chapter 11 Trustee in the chapter 11 proceedings of Richard M Phillips (Case No. 17-10068-TM) where Mr. Mercer served as Richard Phillip's counsel. White was subsequently appointed as Chief Restructuring Officer of Cen-Tex Machining, Inc., the operating company owned by the Richard Phillips. White is currently serving as the Plan Agent for the confirmed plan of reorganization. Effective as of 1/9/2019, Mr. Mercer no longer represents the Richard Phillips. This matter has no relationship to the Debtor or this Bankruptcy Case.

- Starting in April 2020, Milligan was appointed as Chapter 11 Trustee in the chapter 11 proceedings of 3443 Zen Garden LP (Case No. 20-10410-HCM). Mercer represents the petitioning creditors. This case remains active but has no relationship to the Debtor or this Bankruptcy Case.

**Connections to Comerica Bank, unsecured creditor to the Debtor:**

In 2017, Comerica Bank retained Bridgepoint Consulting to perform a quality of earnings analysis for a borrower. Current professionals of Harney Partners performed the services at the time. No retention or engagement between Harney and Comerica Bank is active.