

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 22, 2020.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ALLAN L. REAGAN, | § § | CASE NO. 20-11161-tmd |
| Debtor | § | CHAPTER 11 |

### ORDER (I) AUTHORIZING THE DEBTOR TO RETAIN HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AS OF TO THE PETITION DATE

Upon consideration of the Application (the "*Application*")[1] filed by the above-captioned Debtor and the Court having found that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as

_____
[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and having considered statements in support of the Application at the hearing held before this Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS THEREFORE ORDERED:

1. The Application is approved as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions, all as modified by this Order, are reasonable terms and conditions of employment and are hereby approved, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

   a. Harney shall file with the Court, and provide notice to the United States Trustee ("*U.S. Trustee*") and any committee appointed in the future, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned, and itemize the expenses incurred;

   b. The Debtor is permitted to indemnify and hold harmless Harney, its affiliates and their respective shareholders, members, managers, employees, agents, representatives, and subcontractors ("*Indemnified Person*") according to the terms of the Engagement Letter. Notwithstanding the terms of the Engagement Letter, in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Engagement Letter if the Debtor, his estate or the statutory committee of unsecured creditors appointed in this Chapter 11 Case assert a claim against an Indemnified Person and the Court determines by final order that such claim arose out of the gross negligence or willful misconduct on the part of that or any other Indemnified Person;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, any Indemnified Party believes that it is entitled to the payment of

any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Party for indemnification, contribution, or reimbursement and not as a provision limiting the duration of the Debtor's obligation to indemnify or make contributions or reimbursements to the Indemnified Party. All parties in interest shall maintain the right to object to any application by an Indemnified Party for indemnification, contribution and/or reimbursement;

d. In the event that any Indemnified Party seeks reimbursement from the Debtor for attorneys' fees and related expenses pursuant to the Application and Engagement Letter (as modified by this Order), the invoices and supporting time records (which may be redacted to maintain confidentiality or privilege) for the attorneys' fees and related expenses shall be annexed to the Indemnified Party's own application, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court, and the Debtor may not pay any such amounts absent entry of an order of the Court approving such payments;

e. For a period of three years after the conclusion of the engagement, neither Harney nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor;

f. Harney shall disclose any and all facts that may have a bearing on whether Harney, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Harney for fees and expenses incurred in connection with its retention.

4. The Debtor's retention of Harney on the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order, is hereby approved *nunc pro tunc* to the Petition Date.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order (as amended or extended, as the case may be) and the corresponding budget approved by the Court in effect as of the time such payment is to be made.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # #

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Mark C. Taylor
SBN 19713225
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: mark.taylor@wallerlaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*