UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 20-11161-tmd |
| Allan L. Reagan | § | |
| | § | Chapter 11 |

**OBJECTION TO FIRST AMENDED PLAN OF REORGANIZATION**

Creditor, Village @ La Orilla LLC ("VLO") hereby objects to the First Amended Proposed Plan of Reorganization ("Plan") filed by Debtor herein, and as grounds therefor would show this Honorable Court:

1. **PARTIAL ADOPTION OF SUBCHAPTER V TRUSTEE'S OBJECTION:** In order to avoid repetition of the matters raised therein, VLO hereby adopts the Limited Objection to First Amended Plan filed by the Subchapter V Trustee, except for paragraph 2.9 and the Prayer thereof. In addition to the foregoing, VLO further objects to confirmation of the Plan on the following bases:

2. **DEBTOR DOES NOT QUALIFY FOR SUBCHAPTER V TREATMENT:** Debtor's Schedules and Exhibit C to the Plan, as supplemented by the proofs of claim filed in this case, recognize that Debtor has $2,183,888 in liquidated, non-contingent and undisputed debt. In other words, but for the amendments made by the CARES Act, Debtor would not qualify as a Small Business Debtor under 11 USC 101(51D). More importantly, in addition to the debt recognized by Debtor as liquidated, non-contingent and undisputed, his creditors have filed **approximately $70,000,000 in proofs of claim** in this case! **These debts include approximately $15,000,000 owed**

**to banks on account of loans** individually guarantied by Debtor **which Debtor admitted during his Rule 2004 Examination are currently in default** (and were in default on the date of filing the petition). The remaining balance of the claims are principally owed pursuant to leases of commercial real property through which Debtor operates his brew pub/theater business which were in default on the date of filing and all of which Debtor individually guarantied.[1] While Debtor nominally lists all of these claims as either contingent, unliquidated, or disputed, even if only 10% of these claims are allowed by the Court, Debtor will not qualify for Subchapter V treatment.[2] The Court, therefore, should reject the plan or, at the very least, hold the issue of confirmation in abeyance until Debtor's objections to the proofs of claim are resolved.

3. **DEBTOR'S LIQUIDATION ANALYSIS FAILS:** As alluded to in the Subchapter V Trustee's Limited Objection, Debtor's liquidation analysis does not meet the standards of 11 USC 1129(a)(7) for multiple reasons. By way of background and reminder, Debtor proposes funding the plan with "disposable income" of approximately $3.2 million (Plan, Ex. A) while asserting that Debtor's assets have a liquidation value of $2.2 – 2.6 million. As pointed out in the Subchapter V Trustee's Limited Objection, Debtor's liquidation analysis is hopelessly flawed on several different levels:

   a. In his Rule 2004 Examination, Debtor admitted that all of his current debts, and all of the property of the estate, have been acquired during his marriage to

---

[1] Debtor may argue that some or all of his lease-related debt is subject to force majeure clauses and is, therefore, unliquidated. Debtor cannot make such an argument with respect to the $15,000,000 of bank loan debt.
[2] VLO will file, prior to the confirmation hearing, a motion to dismiss or convert this case on this basis.

his current wife. Yet, **Debtor's liquidation analysis is based on only half the value on the community's assets, despite the fact that such property is liable for all of the estate's debts** under Texas (or any other state's) law.[3] Thus, even if one accepts all of the assumptions in Debtor's liquidation analysis[4], the assets of the estate are undervalued by half and Debtor's liquidation analysis, and Debtor's proposed plan, both fail because the liquidation value of the assets of the estate exceeds the amount available to creditors under the Plan

b. Debtor admits that the value of his value of his Interactive Broker account, by itself, exceeds the value of the debt against which it is pledged, by more than $2 million. (Schedule D) Thus, Debtor asks this Court, and all his creditors, to believe that the remainder of all of his non-exempt assets is less than $600,000. Yet, Debtor values those assets at over $10 million. In short, **Debtor's Schedules, filed under oath, value his non-exempt assets at approximately $11.5 million, but the viability of his Plan is dependent upon a liquidation value of $9,000,000 less than the scheduled value**. Such an assumption strains credulity well past its breaking point.

---

[3] This is confirmed by the fact that Debtor testified that his "disposable income" is calculated after devoting all of his income to his and his wife's joint expenses (his wife having virtually no independent income).

[4] VLO accepts none of those assumptions and reserves its right to challenge them at a later date.

## **CONCLUSION**

Based upon the foregoing, VLO respectfully requests that this Court deny confirmation of the Plan or, in the alternative, defer a hearing on this matter until the resolution of any claim objections brought by Debtor.

/s/ Peter F. Lindborg
Admitted *Pro Hac Vice*
 550 N. Brand Blvd., Ste. 1830
Glendale, CA 91203
P: (818) 637-8325
F: (818) 637-8376
plindborg@lmllp.com

**CERTIFICATE OF SERVICE**

The signature below certifies that a true and correct copy of the foregoing document has been served through the ECF filing system on the persons shown below this 15th day of March, 2021:

**Mark Curtis Taylor**
Waller Lansden Dortch & Davis LLP
100 Congress Ave, Suite 1800
Austin, TX 78701
(512) 685-6400
Fax : (512) 685-6417
Email: mark.taylor@wallerlaw.com

**Michael G. Colvard**
Martin & Drought, PC
Weston Centre
112 E Pecan St, Suite 1616
San Antonio, TX 78205
(210) 227-7591

/s/ Peter F. Lindborg