# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

IN RE:                                                Case No. 20-11161-TMD
                                                                                     Chapter 11

ALLAN L. REAGAN,

         DEBTOR.

_____/

## COMERICA BANK'S OBJECTION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

Comerica Bank files this objection ("Objection") to Allan L. Reagan's First Amended Plan of Reorganization and in support of this Objection states as follows:

1. On October 22, 2020 ("Petition Date"), Allan L. Reagan ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, "Bankruptcy Code").

2. As of the Petition Date, Debtor was indebted to Comerica Bank in an amount not less than $5,041,966.78 under certain guaranties as evidenced by Comerica Bank's Proof of Claim No. 14.

3. On March 9, 2021, Debtor filed (just 6 days before the plan objection deadline) his First Amended Plan of Reorganization ("Amended Plan"). Doc. No. 89.

4. It is well-established that debtors, as the proponents of confirmation, bear the burden of proof by a preponderance of the evidence in meeting the requirements set forth in 11 U.S.C. § 1129(a) and the Bankruptcy Code in general. *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B.R. 202 (W.D. TX, 2008).

5. To avoid duplicative objections and for judicial efficiency, Comerica Bank adopts, restates, and incorporates by reference the objections raised in the Limited Objection to First Amended Plan filed by the Subchapter V Trustee. See Doc. No. 92.

6. Under Subchapter V of the Bankruptcy Code (as amended by the CARES Act), a debtor means a person that "has aggregate noncontingent liquidated secured and unsecured debts . . . in an amount not more than $7,500,000 . . . ." 11 U.S.C. 1182(A).

7. Here, creditors have filed claims totaling approximately $70,240,054, none of which are subject to a formal claim objection, and under the Bankruptcy Code are deemed allowed until otherwise determined.

8. It appears that Debtor is attempting to characterize certain claims in his new Exhibit C to the proposed Amended Plan. Exhibit C includes a column which appears to classify or characterize creditor's claims as contingent, unliquidated, and/or disputed. Debtor cannot prosecute claim objections by attaching an exhibit to the Amended Plan. An exhibit is not an alternative to formal claim objections.

9. Exhibit C to the proposed Amended Plan identifies Comerica Bank's Proof of Claim as contingent which Comerica Bank denies as untrue.

10. A debt is noncontingent if all events giving rise to liability occurred prepetition. Only if a liability relies on some future extrinsic event which may never occur will the debt be held to be contingent. See *In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980), aff'd, 646 F.2d 193 (5th Cir. 1981); 2 L. King, Collier on Bankruptcy P 109.06[2][b] (15th ed. rev. 1997); *In re Knight*, 55 F.3d at 236; *In re Nicholes*, 184 B.R. 82, 88 (9th Cir. B.A.P. 1995); *Brockenbrough v. Commissioner*, 61 B.R. 685, 686-687 (W.D. Va. 1986).

11. Here, the liabilities owed to Comerica Bank that are guaranteed by Debtor were in default prepetition and the obligations under Debtor's guaranties are not reliant upon some future extrinsic event which may never occur.

12. Comerica Bank's claim is not contingent and Comerica Bank is entitled to distributions under the Amended Plan (if confirmed).

13. Further, a similar analysis may be applicable to many of the other claims that Debtor characterizes as contingent which may place Debtor over the Subchapter V debt limit.

14. As such, Debtor, as the Amended Plan proponent, has failed to meet his burden of proof and the proposed Amended Plan cannot be confirmed as proposed.

## RELIEF REQUESTED

Comerica Bank requests that its objections be sustained and that confirmation of Debtor's First Amended Plan of Reorganization be denied.

> **BODMAN PLC**
>
> By: */s/* Robert J. Diehl, Jr.
> Robert J. Diehl, Jr. (P31264)
> *Admitted Pro Hac Vice*
> Attorneys for Comerica Bank
> 1901 St. Antoine Street
> 6th Floor at Ford Field
> Detroit, Michigan 48226
> Phone: (313) 393-7597
> Email: rdiehl@bodmanlaw.com

Dated: March 15, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served through the Court's ECF filing system on the persons shown below on March 15, 2021:

Mark Curtis Taylor
Waller Lansden Dortch & Davis LLP
100 Congress Ave, Suite 1800
Austin, TX 78701

Michael G. Colvard
Martin & Drought, PC
Weston Centre
112 E Pecan St, Suite 1616
San Antonio, TX 78205

                                            /s/ Robert J. Diehl, Jr.
                                            Robert J. Diehl, Jr. (P31264)