UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN, | § | CASE NO. 20-11161-tmd |
| | § | |
| Debtor | § | CHAPTER 11 |

### DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM NO. 19 OF LONE STAR BANK, WITH NOTICE THEREOF

**This is an objection to your claim in this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set forth in this objection. If you do not file a written response to this objection within 30 days from the date of mailing of this objection, the Court may disallow (eliminate), reduce, or modify your claim as set forth in this objection, without a hearing being held.**

**Any response to this objection must explain your position and be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the objection and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the objection to your claim.**

**TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

Allan Reagan ("**Debtor**") files this Objection ("**Objection**") to the proof of claim filed by Lone Star Bank ("**Claimant**") (Proof of Claim No. 19, the "**Claim**").

### Summary of Relief Requested

1. The Claim asserts liability under a guaranty agreement for a loan made by Claimant. The Debtor scheduled the Claim as contingent. The Claim was, as of the Petition Date, contingent, and the underlying debt was current. Accordingly, the Claim should be disallowed or estimated for allowance.

### Jurisdiction and Venue

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Rules 9013 and 3007 of the Bankruptcy Local Rules for the Western District of Texas (the "**Bankruptcy Local Rules**").

### Background

### Nature of the Claim

4. On February 16, 2021, Claimant filed its Claim. The attachments to the Claim reflect it is based on a Continuing Guaranty Agreement dated March 22, 2019, relating to a Promissory Note dated July 6, 2018, made by Flix Brewhouse Texas IV, LLP. The amount asserted due in the Claim is $9,918,969.31.

5. As of the Petition Date, the Note was not in default and had not been accelerated. Claimant, after the Petition Date, declared a default under the Note based upon the Debtor's bankruptcy filing.

### Objection

6. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of

prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong,* 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

7. Guaranty obligations are typically considered contingent liabilities, particularly when the underlying obligation has not matured or accelerated. *See, e.g.*, *In re Clore*, 547 B.R. 915, 923 (Bankr. C.D. Ill. 2016); *In re Kreisler*, 407 B.R. 321 (Bankr. N.D. Ill. 2009); *Matter of Fox*, 64 B.R. 148 (Bankr. S.D.N.Y. 1986) (noting that "a guaranty is a classic example of a contingent obligation."). Accordingly, as of the Petition Date, the Claim was contingent.

8. Alternatively, Bankruptcy Code section 502(c) provides that "[t]here shall be estimated for purpose of allowance under this section (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case..." 11 U.S.C. § 502(c). Bankruptcy Code section 502(c) empowers the court to estimate claims and requires such estimation where the fixing or liquidation of such claim "would unduly delay the administration of the case." *Id. See also Bittner v. Borne Chem. Co*., 691 F.2d 134, 135 (3d Cir. 1982) (affirming lower court decision estimating claim). Section 502(c) uses the word "shall," and, therefore, estimation is mandatory rather than permissive if the criteria of section 502(c) are met. 11 U.S.C. § 502(c) ("There shall be estimated for purpose of allowance..."); s*ee also In re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992) ("Estimation is not discretionary with

the bankruptcy court."); *In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986) ("This duty of the bankruptcy court is mandatory, since the language of the above-quoted section states 'shall.'").

9. **Documentation and Calculation of Claim**: Though asserting that $9,918,969.31 is owed, the Note attached to the Claim is in the original principal amount of $2,166,530.00. Moreover, no calculation of the Claim amount is provided. Accordingly, the Claim has no *prima facie* validity. *In re Armstrong*, 320 B.R. 97, 104-05 (Bankr. N.D. Tex. 2005).

10. **Reservation**: The Debtor hereby reserves the right to object in the future to the Claim and amounts listed in this Objection or the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

11. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtor may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code against holders of claims subject to the Objection or (b) exercise their right of setoff against the holders of such claims related to such avoidance actions.

## PRAYER

**WHEREFORE,** the Debtor respectfully requests that the Court disallow the Claim as set forth herein and grant such other and further relief as the Court deems just.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Mark C. Taylor*
    Mark C. Taylor
    State Bar No. 19713225
    Mark.taylor@wallerlaw.com
    William R. "Trip" Nix
    State Bar No. 24092902
    Trip.nix@wallerlaw.com
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Telecopier: (512) 685-6417

**ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 22, 2021, a true and correct copy of the foregoing document was served via the Court's ECF e-mail notification or by United States First Class Mail, and on the Claimant as listed below:

**Via ECF and Regular Mail**
Lone Star Bank
c/o Steve Lecholop
755 E. Mulberry Ave., Suite 200
San Antonio, Texas 78212

    */s/ Mark C. Taylor*
    Mark C. Taylor

4818-0875-8498.1-2639-4846.1