**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE:                                                          Case No. 20-11161-TMD
                                                                Chapter 11
ALLAN L. REAGAN,

     DEBTOR.

_____/

**COMERICA BANK'S BRIEF REGARDING CONFIRMATION ISSUES**

Comerica Bank files this Brief Regarding Confirmation Issues as follows:

1.      On October 22, 2020 ("Petition Date"), Allan L. Reagan ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, "Bankruptcy Code").

2.      On January 29, 2021, Debtor filed his Proposed Plan of Reorganization ("Plan"). Doc. No. 54.

3.      On March 9, 2021, Debtor filed his First Amended Proposed Plan of Reorganization ("Amended Plan").  Doc. No. 89.

4.      On March 15, 2021, Comerica Bank filed an Objection to the Amended Plan.  Doc. No. 95.

5.      On April 12, 2021, the Court held a status conference with respect to confirmation of the Amended Plan and set forth a scheduling order that allowed for further briefing regarding confirmation issues.

6.      To avoid duplicative arguments and for judicial efficiency, Comerica Bank adopts, restates, and incorporates by reference the Response to Debtor's Brief Regarding Confirmation Issues filed by the Subchapter V Trustee.  See Doc. No. 141.

7. Section 10.03 of the Plan states, "[t]he Debtor reserves the right to begin or continue any adversary proceedings permitted under Title 11, United States Code and the applicable Federal Rules of Bankruptcy Procedure." See Doc. No. 54.

8. The Amended Plan modifies Section 10.03, in redlined format, to read as follows:

> "10.03. **Adversary Proceedings** and Retained Claims: The Debtor reserves the right to begin or continue any adversary proceedings permitted under Title 11, United States Code and the applicable Federal Rules of Bankruptcy Procedure. Debtor reserves all claims against any party, including but not limited to preference actions under Section 547 of the Bankruptcy Code, fraudulent conveyance claims under Section 548 of the Bankruptcy Code and applicable state law (including Uniform Fraudulent Conveyance Act claims), setoff and recoupment rights, and federal and state law causes of action."

See Doc. No. 90 – Notice of Filing of Redlined Amended Proposed Plan of Reorganization.

9. While the Amended Plan reserves all claims (including avoidance actions) that Debtor may have against any party, it fails to provide any detail on what claims or causes of action may exist, the potential recoveries, and how those amounts, if recovered, will be distributed.

10. Further, Debtor's projected income and liquidation analysis also fail to account for any recovery from the potential claims or causes of action reserved by Debtor, which, without further detail, is inconsistent with Debtor's reservation of such claims and causes of action in the Amended Plan.

11. As such, Debtor, as the Amended Plan proponent, has failed to meet his burden of proof and the proposed Amended Plan cannot be confirmed as proposed.

Bodman_17617429_2

## RELIEF REQUESTED

Comerica Bank requests that its objections be sustained and that confirmation of Debtor's

First Amended Plan of Reorganization be denied.

**BODMAN PLC**

By: */s/*  Robert J. Diehl, Jr.
       Robert J. Diehl, Jr. (P31264)
*Admitted Pro Hac Vice*
Attorneys for Comerica Bank
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
Phone: (313) 393-7597
Email: rdiehl@bodmanlaw.com

Dated: April 28, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties that are registered or otherwise entitled to receive electronic notice through the Court's ECF system on April 28, 2021.

*/s/*  Robert J. Diehl, Jr.
Robert J. Diehl, Jr. (P31264)

Bodman_17617429_2