UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN, | § | CASE NO. 20-11161-tmd |
| | § | |
| Debtor | § | CHAPTER 11 |

## DEBTOR'S MOTION TO APPROVE LOAN TO FLIX ENTERTAINMENT, LLC

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Allan L. Reagan (the "**Debtor**") files this Motion to Approve Loan to Flix Entertainment, LLC, as follows:

### SUMMARY

1. By way of this motion, the Debtor seeks to loan the amount of $1 million to Flix Entertainment, LLC ("Flix"), the holding company of the various individual LLCs which own and operate Flix theaters. This loan is intended to be a short term loan, to be repaid from the amounts expected to be received in grants from the federal government under the Shuttered Venue Operators Grant program.

2. The Note payable by Flix will be an asset of the Estate, and the proceeds received will be available for Plan payments, as necessary. However, the Debtor will make the Plan payments under the proposed Plan of Reorganization regardless of whether these amounts are paid within the Plan period.

3. The funds are necessary in order to "jump start" the opening of 5 Flix movie theaters. While Flix plans to open all of its currently closed theaters, this process will allow Flix to begin making payments on the obligations which are guaranteed by the Debtor, and otherwise to make operating payments.

## BACKGROUND

4. The Debtor filed his Petition under Subchapter V of Title VI of the United States Code on October 22, 2020. The Debtor is operating as debtor-in-possession, and no Trustee or Examiner has been appointed.

5. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

6. Debtor is the founder, chief executive officer, and a board member of FELLC. Further, Debtor owns membership interests in FELLC, which began business on or about January 1, 2013. FELLC is the parent of a circuit of 10 dine-in movie theaters, each organized as a separate limited liability company either directly or indirectly wholly owned by FELLC and doing business under the common name of "Flix Brewhouse." This group of movie theater entities is sometimes commonly referred to as the "Flix Companies" or simply as "Flix." On or about March 17, 2020 all Flix locations (together with all or most other mass gathering places) were closed by various governmental decrees intended to mitigate the spread of the SARS-CoV-2 coronavirus. Certain of these locations, including a new theater opening in Oklahoma City, resumed business in late summer and early Fall 2020 but due to the fall and winter spike in SARS-CoV-2 infections, the entire circuit was closed by mid-November 2020, which closure condition has persisted until the present date. As a result of the lack of revenue resulting from the closure, Flix has substantially exhausted its liquid resources and is unable to resume business without additional funding. As of the date of this Note business conditions are improving for movie theaters, with approximately two-thirds of United States movie theaters reopened and the slate of upcoming movie releases solidifying. Accordingly, FELLC has deemed it in the best interest of its creditors, employees, and owners that it begins the process of reopening the Flix theaters as soon as possible. This pre-

2

opening process for each theater location is estimated to take 45-60 days from commencement to opening for business.

7. Based on preliminary negotiations with its landlords, FELLC has identified a group of five Flix theater locations as "Phase One" reopening candidates and has budgeted an average of $200,000 for each theater (including allocation of corporate support costs) to be expended in the 45-60 day pre-opening period on expenses such as recruiting, payroll, training, temporary housing, and critical vendors such as content providers, food and beverage suppliers, utilities, information systems vendors, curative payments on delinquent taxes, required repairs and maintenance on mothballed equipment and numerous other reopening expenses exclusive of rent and debt service, excepting such indebtedness of subsidiaries of FELLC that is guaranteed by the federal Small Business Administration ("SBA")

8. The Shuttered Venue Operators Grant ("SVOG") program was created to provide COVID-19 pandemic relief to entertainment venues such as live theaters, live music and comedy venues, movie theaters, and museums with auditoriums (such as a planetarium) and is part of the Consolidated Appropriations Act of 2020, enacted December 27, 2020. The SBA accepted SVOG applications beginning on April 26, 2021. FELLC applied for a grant on such date in the amount of $9,200,159, submitted to the SBA as Application No. SBAHQ21SV004473. A precondition of any application submittal is demonstration by the applicant that it meets the SVOG program eligibility requirements.

9. The SVOG program has encountered numerous delays since its creation. SBA advised SVOG applicants on May 5, 2021 that there were adequate appropriations to fund all qualified applications, but that it would be an additional unspecified number of weeks before it could disburse any funds. Further, with respect to applications for grants of $1 million and higher,

3

such as FELLC's, disbursements would be made in a series of 2-4 installments in unspecified amounts. Under the current terms of the SVOG program, qualifying expenses must be paid or incurred after February 29, 2020 and prior to January 1, 2022, and installments covering such expenses must be drawn within one year of the date of initial grant. Installments after initial funding are subject to submittal by grantees and approval by SBA of documentation substantiating that the prior installment was utilized for qualifying expenses. FELLC's management believes that the criteria governing qualifying expenses (and examples of them) provided in both statute and subsequent SBA documents is sufficiently inclusive to not impair the ability of Flix to utilize the funds to resume business. Qualifying expenses include rent and debt service (including scheduled principal payments but not pre-payments).

10. Reopening and the funding from the Note will permit the Flix entities to make payments on the underlying leases and debts, providing funds to creditors.

## SUMMARY OF NOTE

11. The Note, a copy of which is attached as Exhibit "A," provides for payment of the $1,000,000, with ten percent (10%) annual interest, from the funds received by Flix from the second installment of anticipated amounts under the SVOG program, but only if and to the extent that the total installments received by Flix then exceeds $3.5 million. If the first two installments of Flix's SVOG are inadequate to repay the entire principal balance of this Note (i.e., they amount cumulatively to less than $4.5 million), the remaining balance of the Note shall be repaid on a "first dollars basis" out of subsequent SVOG installments. If not fully paid before that time, the Note must be paid in full at the maturity date of December 31, 2021.

## BASIS FOR RELIEF

12. As discussed in the Debtor's proposed Plan, the Debtor has previously engaged in entrepreneurial lending. While not an everyday occurrence for the Debtor, the proposed loan is within the scope of Debtor's general business activities, and represents a sound exercise of business judgment in order to re-start cash flow and payments to creditors from the Flix entities. Accordingly, the loan may be authorized pursuant to 11 U.S.C. §363(b) and/or (c).

WHEREFORE, based on the foregoing, the Debtor requests the Court approve this Motion and authorize the Debtor to make the loan, and that the Debtor have such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Mark C. Taylor
Mark C. Taylor
State Bar No. 19713225
William R. "Trip" Nix
State Bar No. 24092902
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
mark.taylor@wallerlaw.com
trip.nix@wallerlaw.com

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, a true and correct copy of the foregoing document was served on the parties listed on the attached service list via the Court's ECF System or via first class postage pre-paid regular U.S. mail.

/s/ Mark C. Taylor
Mark C. Taylor

## SERVICE LIST

**Debtor**
Allan L. Reagan
585 River Run
Leander, TX 78641

**Trustee**
Michael Colvard
Weston Center
112 East Pecan Street, Suite 1616
San Antonio, TX 78205

**Twenty-largest creditors:**
Madison/East Towne LLC
c/o CBL & Associates
2030 Hamilton Place Blvd.
Chattanooga, TN 37421-6000

Village @ La Orilla
Attn: Philip Lindborg
12809 Donette Court N.E.
Albuquerque, NM 87112

Martin S. Headley
1500 Knobb Hill Lane
Paoli, PA 19301

Comerica Bank
Attn: Lesley B. Higginbotham, VP
Special Assets Group - Texas Market
P.O. Box 650282
Dallas, TX 75265-0282

Ann E. Headley
1500 Knobb Hill Lane
Paoli, PA 19301

Wyndham Franchisor LLC
22 Sylvan Way
Parssipany, NJ 07054

Spain Family IX LLC
c/o Patrick J. Spain
11809 Oak Branch Dr.
Austin, TX 78737

Bennett Living Trust
Attn: Michael Bennett
2321 Abbot Kinney Blvd.
Venice, CA 90291

Gary J. Neumayer
2201 Berrywood Lane
Bloomington, IL 61704-2449

Headley Investments, LP
1500 Knobb Hill Lane
Paoli, PA 19301

Frances and Wayne Lee
468 Jade Tree Lane
Monterey Park, CA 91754

Capital One Spark Visa for Business
P.O. Box 30285
Salt Lake City, UT 84130-0285

Chase Ink Card for Business
P.O. Box 15298
Wilmington, DE 19850-5298

Ford Motor Credit Corp.
P.O. Box 105704
Atlanta, GA 30348

Comerica Bank
Dept. #166901
P.O. Box 55000
Detroit, MI 48255-1669

Citicard Advantage Mastercard
Cardmember Services
P.O. Box 6062
Sioux Falls, SD 57117

Discover Card
Billing Inquiries
P.O. Box 30943
Salt Lake City, UT 84130

Chase Visa Mileage Plus
P.O. Box 15298
Wilmington, DE 19850-5298

Comerica Bank
Attn: J.B. Stueckler, AVP
300 W. Sixth Street
Austin, TX 78701

**Unsecured Creditors/**
**Interested Parties**
3401Hoteliers, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

038540-04298/4839-4773-4992.1

83rd Street Development, LLC
Attn: Trent G. Moore
9000 Cameron Parkway
Oklahoma City, OK 73114

Action Propane
2601 S. Hwy. 183
Leander, TX 78641

ADT
P.O. Box 660418
Dallas, TX 75266

Al Clawson Disposal
P.O. Box 416
Jarrel, TX 76537

AT&T
P.O. Box 5001
Carol Stream, IL 60197

AT&T (DirectTV)
P.O. Box 5014
Carol Stream, IL 60197

Bank of Austin
Attn: David H. Marks, SVP
8611 N. Mopac Exp., Suite 101
Austin, TX 78759

DT Chandler, LLC
Attn: Bret Anderson, Manager
140 E. Rio Salado Parkway, Unit 305
Tempe, AZ 85281

FB Capital, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse AZ, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Holdco, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Indiana, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Iowa, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse NM, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse OK, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse SAT, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse III, LLC (Mansfield)
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Texas IV, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Texas V, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse TX II, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse TX IV, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse Wi, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Brewhouse, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Flix Entertainment, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

GCRE/TX Main Marketplace LLC
and LCAR Main Market LLC
Attn: Joseph D. Goveia
24855 Del Prado
Dana Point, CA 92629

Hospitality Investors, Inc.
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Internal Revenue Services
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Janet L. Reagan
585 River Run
Leander, TX 78641

Kathleen R. McCormick
6801 Greenwood Ave., Unit 210
Seattle, WA 98103

Lone Star National Bank
Attn: Sergio Gonzalez, 1st VP
2100 Boca Chica Blvd.
Brownsville, TX 78520

Merle Hay Investors LLC
c/o Abbell Credit Corporation
30 N. LaSalle St., Suite 2120
Chicago, IL 60602

Mikeska Monahan & Peckham, P.C.
100 Congress Ave., Suite 990
Austin, TX 78701

Pedernales Electric Company
P.O. Box 1
Johnson City, TX 78636

Poolwerx by Blue Bottom Pool Supply
3021 S. IH35, Suite 140
Round Rock, TX 78664

Prudential Mortgage Capital Company LLC
c/o Prudential
100 Mulberry St., Gateway Center 4
8th Floor
Newark, NJ 07102

ROP Artcraft LLC
Attn: Adam Frank
5678 N. mesa St.
El Paso, TX 79912

Round Rock Business Park, LLC
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

RPT Realty, L.P.
19 W. 44th Street, Suite 1002
New York, NY 10036

Securian/Minnesota Life Insurance Co.
c/o Trinity Real Estate Finance
100 NE Loop 410, Suite 972
San Antonio, TX 78216

Southwestern Retail Properties II, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Southwestern Retail Properties III, LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Southwestern Retail Properties LP
Attn: Allan Reagan
2000 S. IH-35, Suite Q11
Round Rock, TX 78681

Spectrum
P.O. Box 60074
City of Industry, CA 91716-0074

UBS Real Estate Securities, Inc.
c/o Berkadia Commercial Mortgage LLC
6955 Union Park Center, Suite 450
Midvale, UT 84047

U.S. Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Wells Fargo Auto
MAC T9017-026
P.O. Box 168-48
Irving, TX 75016-8048

Williamson County Tax Office
904 S. Main Street
Georgetown, TX 78626

038540-04298/4839-4773-4992.1

**Parties Filing Claims**
Discover Bank/Discover Products
PO Box 3025
New Albany, OH 43054-3025

JPMorgan Chase Bank, N.A.
c/o National Bankruptcy Services LLC
P.O. Box 9013
Addison, TX 75001

Capital One Bank (USA) N.A.
By American InfoSource as agent
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118

Madison/East Towne, LLC
Attn: Caleb T. Holzaepfel
736 Georgia Ave., Ste. 300
Chattanooga, TN 37402

**Parties Requesting Notice**
Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006

Shane P. Tobin
Henry G. Hobbs, Jr.
Acting United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

Kell C. Mercer
Kell C. Mercer, P.C.
1602 E. Cesar Chavez Street
Austin, TX 78702

Robert J. Diehl, Jr.
Jaimee L. Witten
Noel J. Ravenscroft
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226

Bruce J. Zabarauskas
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201

Michael Flume
Flume Law Firm, LLP
1020 N.E. Loop 410, Suite 530
San Antonio, TX 78209

David M. Blau
Clark Hill PLC
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009

Ross A. Plourde
McAfee & Taft
211 North Robinson, 8th Floor
Oklahoma City, OK 73102-7103

Harrel L. Davis III
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa Street
El Paso, TX 79912

Daniel M. Eliades/David Catuogno/
Caitlin C. Conklin
K&L Gates, LLP
One Newark Center, Tenth Floor
1085 Raymond Boulevard
Newark, NJ 07102

Jack O'Connor
Sugar Felsenthal Grais & Helsinger LLP
30 N. LaSalle St., Suite 3000
Chicago, IL 60602

William T. Peckham
1104 Nueces St., Suite 104
Austin, TX 78701-2106

Stephen K. Lecholop II
Rosenthal Pauerstein
Sandoloski Agather LLP
755 East Mulberry, Suite 200
San Antonio, TX 78212

Peter Lindborg
550 N. Brand Blvd., Suite 1830
Glendale, CA 91203

Louis D. Lopez
Fennemore Craig, P.C.
2394 E. Camelback Rd., Suite 600
Phoenix, AZ 85016

Richard E. Hettinger
Davidson Troilo Ream & Garza, P.C.
601 N.W. Loop 410, Suite 100
San Antonio, TX 78216

Robert P. Franke
Audrey L. Hornisher
Clark Hill Strasburger
901 Main St., Suite 6000
Dallas, TX 75202-3794

038540-04298/4839-4773-4992.1

Stephan A. Roberts
Clark Hill Strasburger
720 Brazos Street, Suite 700
Austin, TX 78701

Tara LeDay
McCreary Veselka Bragg & Allen PC
P.O. Box 1269
Round Rock, TX 78680

038540-04298/4839-4773-4992.1

# EXHIBIT A

## PROMISSORY NOTE

Dated: May____, 2021                                                      $1,000,000.00

Maturity Date: December 31, 2021                          Round Rock, Texas

FOR VALUE RECEIVED, the undersigned FLIX ENTERTAINMENT LLC, a Texas limited liability company, ("FELLC" or "Maker") hereby promises to pay to the order of ALLAN L. REAGAN ("Reagan" or "Holder"), the sum of ONE MILLION and no/100 Dollars ($1,000,000.00), together with daily prorated interest on the amount outstanding thereon at the rate of 10.0% per annum on the unpaid balance, all pursuant to the terms and conditions of this Promissory Note (the "Note"). Said sum shall be paid in full or in part as provided below following the receipt by FELLC of certain proceeds from the Shuttered Venue Operators Grant ("SVOG") program administered by the United States Small Business Administration ("SBA"); provided, however, that irrespective of any such SVOG proceeds the entire unpaid balance including interest due thereon shall be paid in full not later than December 31, 2021 (the "Maturity Date").

## RECITALS

A. Reagan is the founder, chief executive officer, board member and owner of membership interests in FELLC, which began business on or about January 1, 2013. FELLC is the parent of a circuit of 10 dine-in movie theaters, each organized as a separate limited liability company either directly or indirectly wholly owned by FELLC and doing business under the common name of "Flix Brewhouse." This group of movie theater entities is sometimes commonly referred to as the "Flix Companies" or simply as "Flix." On or about March 17, 2020 all Flix locations (together with all or most other mass gathering places) were closed by various governmental decrees intended to mitigate the spread of the SARS-CoV-2 coronavirus. As of the date of this Note business conditions are improving for movie theaters, with approximately two-thirds of United States movie theaters reopened and the slate of upcoming movie releases solidifying. Accordingly, FELLC has deemed it to be in the best interest of its creditors, employees, and owners that it begins the process of reopening the Flix theaters as soon as possible.

B. Based on preliminary negotiations with its landlords, FELLC has identified a group of five Flix theater locations as "Phase One" reopening candidates and has budgeted an average of $200,000 for each theater (including allocation of corporate support costs) to be expended in the 45-60 day pre-opening period on expenses such as recruiting, payroll, training, temporary housing, and critical vendors such as content providers, food and beverage suppliers, utilities, information systems vendors, curative payments on delinquent taxes, required repairs and maintenance on mothballed equipment and numerous other reopening expenses exclusive of rent and debt service, excepting for SBA-guaranteed indebtedness of subsidiaries of FELLC.

C. The SVOG program was created to provide COVID-19 pandemic relief to entertainment venues including movie theaters, and is part of the Consolidated Appropriations Act of 2020, enacted December 27, 2020. The SBA accepted SVOG applications beginning on April 26, 2021 and FELLC applied for a grant on such date in the amount of $9,200,159, submitted to the SBA as Application No. SBAHQ21SV004473. A precondition of any application submittal is demonstration by the applicant that it meets the SVOG program eligibility requirements.

*Page 1 of 5*

D. Reagan is currently the debtor-in-possession Case No. 20-11161-tmd (the "Case") in the United States Bankruptcy Court for the Western Division of Texas (the "Bankruptcy Court"). The Case is a proceeding for small business debtor reorganization under Subchapter V of Chapter 11 of the United States Bankruptcy Code, pursuant to which Michael G. Colvard ("Trustee") was appointed as the Subchapter V trustee of the debtor-in-possession's estate (the "Estate").

E. Subject to written consent of its Board of Managers, and approval of the Bankruptcy Court, FELLC desires to borrow $1 million from the Estate with interest and principal repayment according to the terms and provisions hereof, to be used for the purposes described in Paragraph B above (including payments on SBA-guaranteed loans of subsidiaries) and funded by a withdrawal from the Interactive Brokers account, to be made upon approval by the Court of an authorizing motion.

## PROVISIONS

1. All payments shall be first applied to interest and the balance to principal. This Note may be prepaid, at any time, in whole or part, without penalty. Interest accruing on the balance of indebtedness herein from time to time outstanding shall be paid to Holder not later than the earlier of December 31, 2021 or five business days following the required date of full repayment of the principal balance.

2. Mandatory repayments prior to maturity shall be required within five days after receipt by FELLC of the second installment of its SVOG, but only if and to the extent that the total installments received by FELLC then exceed $3.5 million. If the first two installments of FELLC's SVOG are inadequate to repay the entire principal balance of this Note as aforesaid (i.e., the installments taken together are less than $4.5 million), the remaining balance of the Note shall be repaid on a "first dollars basis" out of subsequent SVOG installments.

3. Any delay or failure to receive any SVOG installment(s) shall not be construed as extending the time for repayment of this Note, except as otherwise provided herein.

4. Maker represents and warrants as follows as of the date hereof:

(a) FELLC is a limited liability company duly formed under the laws of the State of Texas on December 4, 2012, Secretary of State File No. 801693673, and is in good standing with the State of Texas and fully authorized to conduct business;

(b) FELLC has been duly authorized by its governing board to enter into this transaction, and Reagan as its Chief Executive Officer is or will be duly authorized to bind FELLC;

(c) The execution and delivery of this Note and the consummation of the Maker of the transactions contemplated herby do not and will not (i) violate any law applicable to the Maker or by which any of its properties or assets may be bound; or (ii) constitute a default under any materials agreement or contract by which the Maker may be bound;

(d) To the best of the actual knowledge and belief of the undersigned, FELLC meets the eligibility requirements of the SVOG program, has pending Application No. SBAHQ21SV004473 for a grant of $9,200,159, and the status of such application is "application submitted;"

(e) FELLC has received no notice of any adverse action regarding its SVOG application;

(f) All indebtedness of which FELLC is the primary obligor is unsecured, consisting of (i) notes payable to individual investors as set forth in FELLC's most recent audited financial statement, all of which are presently in default, (iii) a revolving note payable to 100 Trinity LLC in the maximum principal amount of $500,000, and (iii) a "Paycheck Protection Program" loan in the principal amount of $4,842,400 of which FELLC expects the majority of the balance to be forgiven pursuant to program rules and regulations;

(g) To the best of the actual knowledge and belief of the undersigned, all information respecting FELLC and the Flix Companies as set forth under "Background" above is true and correct and would not mislead a reasonable person familiar with the Case;

(h) FELLC is not subject to any pending adverse legal action, including but not limited to any assignment for the benefit of creditors, voluntary petition for relief under any provisions of the Bankruptcy Code or involuntary petition in bankruptcy or receivership; and

(i) The Note is a valid, legal, and binding obligation of the Maker, enforceable against the Maker in accordance with its terms, except as enforceability may be limited by applicable law.

5. This Note shall at the option of any holder hereof be immediately due and payable upon the occurrence of any of the following:

(a) Failure to make any payment due hereunder within 10 days of its due date;

(b) Receipt of notice by FELLC that its SVOG application has been disapproved, or approved but in an amount less than $4.5 million, and such disapproval or reduction has not been reversed during the pendency of any allowable appeal period established by SBA, if FELLC has timely appealed;

(c) Default beyond any applicable cure period of any interest-bearing indebtedness of FELLC having a priority under Texas law over the obligations of this Note;

(d) Upon the filing by the undersigned or of an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the Bankruptcy Code; or by suffering an involuntary petition in bankruptcy or receivership that is not vacated within thirty days;

(e) Material breach of any representation or warranty made by Maker herein; and

(f)  Upon the dissolution or liquidation of the Maker.

6.  Force Majeure. If the performance by Maker of any provision of this Promissory Note and Loan Agreement is delayed or prevented by any materially adverse act of God, strike, lockout, shortage of material or labor, restriction by any governmental authority, civil riot, flood, act of terrorism, or any other cause not within the control of Maker, then the period for performance of the provision shall be automatically extended for the same amount of time that Maker is so delayed or hindered. For the avoidance of doubt, "materially adverse" means in comparison to the baseline of conditions and circumstances existing as of the date hereof that directly affect the Flix business, including the current multitude of negative impacts of the ongoing COVID-19 pandemic, the general continuance but not material worsening of which does not constitute a force majeure condition. Maker shall notify Holder with specificity of any claimed force majeure condition within three business days of the beginning of any claimed time extension of Maker's performance obligations. In no event shall any such claimed time extension abate the accrual of interest.

7.  In the event this Note shall be in default, and placed with an attorney for collection, then the undersigned agrees to pay all reasonable attorney fees and costs of collection. All payments hereunder shall be made to such address as may from time to time be designated by any holder hereof.

8.  Notices hereunder shall be delivered via (a) United States certified mail, with return receipt, (b) recognized courier service such as Fed Ex or Lone Star overnight; or (c) via email but only if receipt is specifically acknowledged by the recipient. Notice addresses as follows:

Maker:
Flix Entertainment LLC
2000 S. Interstate Hwy 35, Ste Q11
Round Rock, TX 78681
Attn: Allan L. Reagan, CEO
Email: allan/reagan@flixbrewhouse.com

Copy:
Davis Wright & Tremaine (Counsel to Maker)
1300 SW 5th Ave., Ste 2400
Portland, OR 97201
Attn: Landes Taylor or J. Riley Lagesen
Email: LandesTaylor@dwt.com

Trustee:
Michael G. Colvard, Esq.
Martin & Drought, P.C.
300 Convent St. Ste 2500
San Antonio, TX 78205
Email: mcolvard@mdtlaw.com

9.  The undersigned agree to remain fully bound hereunder until this Note shall be fully paid and waive demand, presentment and protest and all notices thereto and further agree to remain bound, notwithstanding any extension, modification, waiver, or other indulgence by any holder or upon the discharge or release of any obligor hereunder or to this Note, or upon the exchange, substitution, or release of any collateral granted as security for this Note. No modification or indulgence by any holder hereof shall be binding unless in writing. The rights of any holder hereof shall be cumulative and not necessarily successive. This Note shall take effect as a sealed instrument and shall be construed, governed, and enforced in accordance with the laws of the State of Texas.

*Page 4 of 5*

10. The Maker irrevocably and unconditionally (i) agrees that any legal action, suit, or proceeding arising out of or relating to the Note may be brought in the courts of Williamson County in the State of Texas or of the United States of America located in Travis County in the State of Texas; and (ii) submits to the jurisdiction of any such court in any such action, suit, or proceeding.

11. THE MAKER IRREVOCABLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING RELATING TO THIS NOTE, WHETHER BASED ON CONTRACT, TORT, OR ANY OTHER THEORY.

12. The Note constitutes the entire contract between the parties with respect to the subject matter hereof.

13. No term of this Note may be waived, modified, or amended except by an instrument signed by Maker and Holder.

EXECUTED and delivered as the date first written above.

**MAKER:**

FLIX ENTERTAINMENT LLC


By: _____
    Allan L. Reagan, Chief Executive

**ATTEST:**


_____
Matthew A. Baizer, Chief Operating Officer