THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLAN L. REAGAN | § | CASE NO. 20-11161-TMD |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**RESPONSE TO DEBTOR'S MOTION TO APPROVE LOAN TO FLIX ENTERTAINMENT, LLC [DKT. NO. 156]**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Now comes Michael G. Colvard, Subchapter V Trustee (herein "Sub V Trustee") within the Allan L. Reagan (herein "Reagan" or "Debtor") Small Business Chapter 11 case, to file this Response to Debtor's Motion to Approve Loan to Flix Entertainment, LLC (the "Motion to Approve Loan") [Dkt. No. 156], and would show unto the court as follows:

### I. SPECIFIC RESPONSES

1.1    Sub V Trustee has no personal knowledge of the allegations contained within ¶ 1 of the Motion to Approve Loan, but understands and believes that the information is true and correct, that the loan is intended to be a short term loan, to be repaid from the amounts expected to be received from grants from the federal government under the Shuttered Venue Operators Grant ("SVOG") program.

1.2    Sub V Trustee has no personal knowledge of the allegations contained within ¶ 2 of the Motion to Approve Loan, but has no objections to the matters set forth therein and believes to be true and correct.  Sub V Trustee understands that the Note will be an asset of the post-confirmation estate and the proceeds are to be used for Plan payments under the modified Plan,

provided however that Debtor will be obligated under the modified Plan to make payments regardless of whether the Note is repaid.

  1.3 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 3 of the Motion to Approve Loan, but understands and believes that the information is true and correct.

  1.4 Sub V Trustee admits the allegations contained within ¶ 4 of the Motion to Approve Loan, except the reference that, ". . .no Trustee. . .has been appointed."  While no trustee has replaced Reagan as Debtor-in-Possession, the Sub V Trustee was appointed in this case.

  1.5 Sub V Trustee admits the allegations contained within ¶ 5 of the Motion to Approve Loan.

  1.6 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 6 of the Motion to Approve Loan, but believes the information is true and correct.

  1.7 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 7 of the Motion to Approve Loan, but believes the information is true and correct.

  1.8 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 8 of the Motion to Approve Loan, but believes the information is true and correct, except that ¶ 8 notes that, "A precondition of any application submittal is demonstration by the applicant that it meets the SVOG program eligibility requirements."  Paragraph 8 of the Motion to Approve Loan does not demonstrate that FELLC meets such eligibility requirements.  Reagan's statement regarding FELLC's eligibility requirements should be provided.

  1.9 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 9 of the Motion to Approve Loan, but does not disagree or challenge the factual allegations contained therein.  Accordingly, Sub V Trustee understands that the SVOG program funding following initial

installment are subject to confirmation of use of SVOG proceeds for qualified expenses incurred prior to January 2022. Sub V Trustee further understands that repayment of the Note will come from subsequent SVOG installments, which are contingent upon use of initial SVOG funds for qualified expenses paid within the requisite time period. Those qualified expenses would include rent and debt service.

1.10 Sub V Trustee has no personal knowledge of the allegations contained within ¶ 10 of the Motion to Approve Loan, but understand that FELLC will utilize proceeds from the Note in part to make payments of obligations owed on underlying leases and debts, providing funding to Flix creditors, including payments on creditor obligations guaranteed by Reagan.

1.11 Sub V Trustee has reviewed the Note and agrees that the Summary of Note provided within ¶ 11 of the Motion to Approve Loan is accurate.

1.12 Sub V Trustee acknowledges that part of Debtor's pre-petition business involved "entrepreneurial lending."

## II.  FURTHER ARGUMENTS

2.1 The Motion to Approve Loan provides a mechanism with potential direct and indirect benefits to the Reagan bankruptcy estate and its creditors. Many of Reagan's creditor obligations arise out of guarantees of loans and/or lease obligations to third-party creditors whose direct loans/leases were extended to different Flix entities. Many of Reagan's Flix related creditors have filed Proofs of Claims, evidenced by underlying lease and/or loan obligations related to different Flix entities. The outstanding obligations owed under Reagan's "Flix" guarantees, will be affected by continued Flix operations, which with the support of the SVOG loan proceeds are to assist in the restart of Flix business operations and will likely result in payment(s) potentially curing outstanding lease/loan arrearages and providing ability for Flix entities to make future

payments on such underlying obligations. The resulting effect to the bankruptcy estate is a potential cure, satisfaction and/or reduction of guaranteed Flix obligations, causing possible resolution or reduction of allowed Flix-related creditor claims within the Reagan estate. The benefits to the estate not only result from payment of Flix-related creditor obligations from non-debtor sources but, also potentially increasing dividends to non-Flix-related allowed claimants, resulting from reduction of allowed Flix-related allowed creditor claim amounts. While restarting Flix business operations is not anticipated to increase projected disposable income to the Reagan estate, the net benefit provided through continued Flix business operations and reduction of Flix-related creditor claims, potentially enhances distribution to Reagan's non-Flix allowed claimants.

2.2     Prior to the filing of the Motion to Approve Loan, Reagan engaged in conversations and discussions with creditors involving different Plan options following the filing of the Reagan Plan. The options proposed to creditors by Reagan within those discussions included, Option A – representing a potential walk away from Flix-related business, allowing Reagan to focus solely on other business enterprises or, Option B – providing for Reagan's continued involvement in Flix operations and restarting of the Flix business operations with support of SVOG loan proceeds. Following creditor meetings with Reagan, and following discussions with creditors, participating creditors have universally indicated support for Option B – Reagan's continued involvement in Flix.

2.3     At the Status Hearing on May 12, 2021, Reagan's counsel, joined by the Sub V Trustee, advised the Court of the occurrences in relation to the creditor discussions and required Plan modifications, advising that modifications to the current proposed Plan were necessary to incorporate Option B provisions. A review of precise Plan modifications is necessary to confirm the interrelationship of the Note/Loan as herein requested, with proposed Plan modifications to

confirm Plan terms and to understand how the Note/Loan, if approved, will impact creditor rights under the modified Plan. Full understanding of Debtor's Motion to Approve Loan cannot be appreciated without a review of Plan modifications.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Sub V Trustee respectfully requests that upon notice and hearing this Court conditionally approve the Motion to Approve Loan to Flix, subject to filing and review of the modified Plan, and an opportunity to comprehend the impact of the Note/Loan within the terms of the Plan and its effect upon creditor treatment, and for such other and further relief to which Sub V Trustee may be justly entitled.

Respectfully Submitted,

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
E-Mail: mcolvard@mdtlaw.com

By: /s/Michael G. Colvard
    Michael G. Colvard
    State Bar No. 04629200

**SUBCHAPTER V TRUSTEE**

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, a true and correct copy of the foregoing document was served via the Court's ECF System and on the parties listed on the attached service list via First Class Postage Pre-Paid Regular U.S. Mail.

/s/ Michael G. Colvard
Michael G. Colvard