**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 03, 2021.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ALLAN L. REAGAN, | § § | CASE NO. 20-11161-tmd |
| Debtor | § § | CHAPTER 11 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

This Court having considered the testimony and evidence presented and having reviewed the Debtor's Second Amended Plan of Reorganization [Dkt. 165] (the "Plan") and, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing

therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A. Jurisdiction and Venue.**

1. The Debtor commenced this chapter 11 case (the "Chapter 11 Case") on October 22, 2020 (the "Petition Date") by filing a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Venue in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§1408 and 1409 and continues to be proper during the Chapter 11 Cases. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of title 28 of the United States Code. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**B. Eligibility for Relief.**

2. The Debtor is eligible for relief under §§ 109, 1182 of the Bankruptcy Code.

**C. Judicial Notice.**

3. The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Chapter 11 Cases maintained by the clerk of the applicable court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 Cases. Any resolutions of objections to

confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All unresolved objections, statements, and reservations of rights are overruled on the merits.

**D.     Transmittal and Mailing of Materials; Notice.**

4.     Due, adequate, and sufficient notice of the Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given and no other or further notice is or shall be required.

**E.     Voting Certification.**

5.     The tabulation of the ballots was conducted in accordance with the Bankruptcy Code. As evidenced by the Ballot Summary filed by the Debtor.

**F.     Compliance with the Requirements of §1191 of the Bankruptcy Code.**

6.     Because the Plan is nonconsensual, the Debtor has requested that the Court confirm the Plan pursuant to the provisions of 11 U.S.C. §1191(b).

    **(i)     Section 1191(b)**

7.     The Plan complies with all applicable provisions of § 1129(a) of the Bankruptcy Code, except § 1129(a)(8)(10 and (15), which are inapplicable.

    **(ii)     Section 1191(c)(1 and (2)**

8.     The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired the Plan and complies with § 1129(b)(2)(A) of the Bankruptcy Code. The Debtor's projected disposable income for five (5) years following the Effective Date will be applied to make payments under the Plan (which will be funded in three installments, with the final installment paid on or before December 31, 2021), and the value of the property to be distributed under the Plan is not less than the projected disposable income of the debtor.

      **(iii)**     **Section 1191(c)(3)**

9.     The Debtor will, or there is a reasonable likelihood that the Debtor will, be able to make the payments under the Plan. The Plan provides appropriate remedies to creditors in the event payments are not made.

**G.**     **Satisfaction of Confirmation Requirements.**

10.     Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1191 of the Bankruptcy Code.

**H.**     **Good Faith.**

11.     The Debtor and its principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

**I.**     **Modifications**

12.     The changes made in the Debtor's Second Amended Plan do not constitute "material" modifications requiring resolicitation; no creditor's treatment has been impaired or worsened, and the modifications provide superior treatment than that proposed under the prior version of the Plan.

13.     Paragraph 10.03 of the Plan is modified to read as follows:

10.03.   Adversary Proceedings and Retained Claims: The Debtor reserves the right to begin or continue any adversary proceedings permitted under Title 11, United States Code and the applicable Federal Rules of Bankruptcy Procedure. Debtor reserves all claims against any party, including but not limited to preference actions under Section 547 of the Bankruptcy Code, fraudulent conveyance claims under Section 548 of the Bankruptcy Code and applicable state law (including Uniform Fraudulent Conveyance Act claims), setoff and recoupment rights, and federal and state law causes of action. Upon successful prosecution of any such claims, the Debtor will pay the net proceeds received to the Trustee within 30 days of receipt thereof, and the Trustee will distribute such net proceeds as additional Plan payments pursuant to the terms of the Plan.

BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

**A.  Order.**

14.  This Confirmation Order shall confirm Debtor's Plan of Reorganization.

**B.  Objections.**

15.  To the extent that any objections, reservations of rights, statements, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

**C.  Findings of Fact and Conclusions of Law.**

16.  The findings of fact and the conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.  Confirmation of the Plan.**

17.  The Plan and each of its provisions are confirmed in each and every respect pursuant to §1191 of the Bankruptcy Code. The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor is authorized and approved as finalized, executed, and delivered. Without further order or authorization of the Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan. As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the

respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

18. The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

### E. Notice of Entry of the Confirmation Order.

19. In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtor shall serve the notice of confirmation by CM/ECF; United States mail, first class postage prepaid; by hand; or by overnight courier service to all parties having been served with the Confirmation Hearing Notice. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

20. The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

### F. Binding Effect.

21. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Post-Confirmation Debtor, and any and all holders of Claims (irrespective of whether such Claims are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

22. The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

### G. Assumption of Contracts

23. To the extent they constitute executory contracts, the assumption of the contracts listed in the Debtor's List of Contracts for Assumption [Dkt.111].

### H. Final Confirmation Order.

24. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

###

Entry requested by:

WALLER LANSDEN DORTCH & DAVIS LLP
Mark C. Taylor
State Bar No. 19713225
Mark.Taylor@wallerlaw.com
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Telecopier: (512) 685-6417

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION